UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JESSIE RAY WILLIAMS** | **CIVIL ACTION NO. 12-2707-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN STOKES, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jessie Ray Williams ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1] This complaint was received and filed in this court on October 17, 2012. Plaintiff is incarcerated at the FCI in Forrest City, Arkansas, but claims his civil rights were violated by prison officials while incarcerated in the Bossier Medium Security Facility in Plain Dealing, Louisiana. Plaintiff names Warden Stokes, Deputy Wooten, Sgt. Barnett, and Deputy Jason Whiter as defendants.

Plaintiff claims that on March 15, 2012, Deputy Wooten gave him another inmate's medication. He claims his was given the pain medication Neurontin instead of his

---

[1] Plaintiff also filed a retaliation claim against Warden Stokes and an excessive force claim against Sgt. Barnett. These claims require further review and will be addressed in a separate memorandum order.

hypertension medication Metoprolol. He claims he had to be transported to the hospital, because the medication caused him to suffer blackouts, chest pain, dizziness, and weakness. He claims the pain medication had an adverse reaction with the medication he was already taking. He claims he was released from the hospital on March 20, 2012. He claims he continued to suffer from chest pain, blackouts, dizziness, and weakness and received no medical attention.

Plaintiff claims that on March 15, 2012, April 17, 2012, and January 17, 2013, Nurse Jessica prevented him from seeing Dr. Robertson. He claims that on each of these dates, he blacked out. He claims Nurse Jessica performed the initial triage and Dr. Robertson ordered treatment for a heart attack. He claims he was not given medication.

Plaintiff admits that on March 18, 2012 and March 28, 2012, he received medical treatment at LSU Medical Center. He claims that on March 18, 2012, he was hospitalized for two days and on March 28, 2012, he was hospitalized for five days. He claims he received tests, IV's and rest.

Plaintiff admits that between March 15, 2012 and January 17, 2013, he was seen by at least six medical doctors and two registered nurses. He admits he was examined and received some treatment. He complains that his problems still exist.

Plaintiff claims he was not treated for medication poisoning. He claims he lives in constant fear of having a heart attack or blacking out. He claims he suffers from weakness, dizziness, and pain.

Plaintiff claims Sgt. Whiter rejected his first grievance as improperly filed. He claims

that on March 28, 2012, he gave Sgt. Whiter a grievance that appealed the rejection of his first grievance. He claims Sgt. Whiter threw this grievance into the trash. He claims Sgt. Whiter verbally berated and belittled him.

Accordingly, Plaintiff seeks monetary compensation and medical treatment.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Wrong Medication**

Plaintiff claims he was given the wrong medication and had to be admitted to the hospital because he suffered black outs, chest pain, dizziness, and weakness. Negligently inflicted injury does not amount to a constitutional violation merely because the victim is a prisoner. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'" Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Quite simply, Plaintiff claims Deputy Wooten was negligent when he gave him another inmate's medication [Doc. 32, p.3]. Plaintiff's claim is a negligence tort law claim. Although jailors owe a special duty of care to those in their custody under state law, the Due Process Clause of the Fourteenth Amendment does [not] embrace such a tort law concept." Daniels at 335-36. Simple negligence does not state a claim for denial of due process in

violation of the Fourteenth Amendment.  Accordingly, Plaintiff's claim regarding the administration of the wrong medication should be dismissed with prejudice as frivolous.

**Denial of Medical Treatment**

Plaintiff claims that on three occasions Nurse Jessica prevented him from seeing Dr. Robinson after he blacked out.  He claims Nurse Jessica triaged him and Dr. Roberson ordered treatment for a heart attack.  Plaintiff claims he was not treated for medication poisoning.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment.  Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.

See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits he was triaged three times by Nurse Jessica after he blacked out and Dr. Robertson ordered treatment for him. Plaintiff further admits that on March 18, 2012 and March 28, 2012, he was admitted to LSU Medical Center for medical treatment. He admits that between March 15, 2012 and January 17, 2013, he was seen by at least six medical doctors and two registered nurses. He also admits he was examined and did receive some treatment. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical claims should be dismissed with prejudice as frivolous.

**Administrative Remedy Procedure**

Plaintiff complains his grievance was rejected in violation of his constitutional rights. Specifically, Plaintiff claims Sgt. Whiter rejected his first grievance as improperly filed and threw his appeal of the rejection into the trash. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under

Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the Defendants denied his constitutional rights in the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

**Verbal Abuse**

Plaintiff claims Sgt. Whiter verbally berated and belittled him. Such claims fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997) (citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir.1995). See Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Accordingly, Plaintiff's claims regarding verbal threats should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding the wrong medication, the denial of medical treatment, the administrative remedy procedure, and verbal abuse be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). Plaintiff's claims against Warden Stokes for retaliation and Sgt. Barnett for excessive force remain pending.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th day of October 2014.

Mark L. Hornsby
U.S. Magistrate Judge